UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LARRY L. THOMASEN,

        Plaintiff,

        v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security[1],

        Defendant.

Case No. 2:20-cv-20549
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This action was filed on December 30, 2020, Complaint, ECF No. 1, and Plaintiff's brief was originally due on June 4, 2021. Scheduling Order, ECF No. 8. The Court granted Plaintiff three (3) extensions of time in which to file that brief. Text Orders, ECF Nos. 11, 13, 15. When Plaintiff failed to meet the last requested extension, the Court ordered Plaintiff to show cause why the action should not be dismissed for want of prosecution. Order to Show Cause, ECF No. 16. Plaintiff made no response to that order and, on January 24, 2022, the Court therefore dismissed the action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Order, ECF No. 17; Final Judgment, ECF No. 18. This matter is now before the Court on Plaintiff's Motion to Restore Dismissed Appeal Pursuant to Rule 60(b)(2), (6), ECF No. 21 ("the Motion"). The Acting Commissioner has made no response to the Motion.

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

In the belated Response to Order to Show Cause, ECF No. 19, Plaintiff's counsel states that his "office is inundated with pleadings that are overdue or are coming due. . . . We simply missed this one." *Id.* at PageID# 1637. In support of the Motion, Plaintiff's attorney represents that his failure to respond to the Court's order to show cause was not intentional but, rather, a consequence of his "miss[ing] its placement on the ECF system." Certification of Abraham S. Alter in Support of Motion to Restore, ECF No. 22, PageID# 1641. Plaintiff's counsel also represents that he is unable to file the required Plaintiff's brief because the Certified Administrative Transcript, ECF No. 5, does not include the testimony of the July 23, 2020, administrative hearing. *See id.*, at R. 842 ("[INAUDIBLE at 2:42 p.m., through remainder of audio due to wind-like noise, echo, and low volume.]").

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to relieve a party from a final judgment because of

(1) mistake, inadvertence, surprise, or excusable neglect;[2]
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
\*\*\*
(6) any other reason that justifies relief.

Under Rule 60(b)(1), a decision to grant relief from a final judgment based on excusable neglect "is equitable in nature and requires a court to weigh the 'totality of the circumstances.'" *Nara v. Frank*, 488 F.3d 187, 193–94 (3d Cir. 2007). Specifically, the court must consider "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Orie v. Dist. Att'y Allegheny Cty.*, 946 F.3d 187, 191 (3d Cir. 2019) (quoting *Nara*, 488 F.3d at 194). The "newly discovered evidence" that would

---

[2] Although the Motion makes no reference to Rule 60(b)(1), the Court is of the opinion that it is this sub-section of the Rule that is most applicable to the facts giving rise to the Motion.

justify relief from judgment under Rule 60(b)(2) must "be evidence of facts in existence at the time of [the movant's] original filing of which he was excusably ignorant." *Lusick v. Lawrence*, 439 F. App'x 97, 99 (3d Cir. 2011)(citing *United States v. 27.93 Acres of Land,* 924 F.2d 506, 516 (3d Cir.1991)). Relief under Rule 60(b)(6) "is available only in cases evidencing extraordinary circumstances." *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999) (quoting *Martinez–McBean v. Government of Virgin Islands,* 562 F.2d 908, 911 (3d Cir.1977)).

      As noted above, although Plaintiff's counsel represents that he overlooked the Court's order to show cause, he offers no explanation for the failure to file the required Plaintiff's brief in a timely manner. Nevertheless, the Court concludes that its discretion is better exercised under Rule 60 by granting the Motion.  First, there is little danger of prejudice to the Acting Commissioner, who has not yet incurred the expense and inconvenience of making a substantive response to Plaintiff's claim. Second, there has not been inordinate delay in seeking relief from judgment; the Motion was filed mere weeks after the entry of the Final Judgment, ECF No. 18. Third, there is no reason to believe that the failures that gave rise to the dismissal of the action were cause by the Plaintiff; rather, the denial of the Motion would work to the great prejudice of Plaintiff, whose claim would be lost through the actions (or, more precisely, the inactions) of his counsel. Fourth, there is no evidence that either Plaintiff or his counsel acted in bad faith. Under these circumstances, the Court concludes that relief from judgment is warranted under Rule 60(b)(1).

      Accordingly, Plaintiff's Motion to Restore Dismissed Appeal Pursuant to Rule 60(b)(2), (6), ECF No. 21, is **GRANTED**. The Final Judgment dismissing the action, ECF No. 18, is **VACATED**. The Clerk is **DIRECTED** to restore this action to the active docket of the Court.

      Plaintiff is **ORDERED** to file the required Plaintiff's brief no later than May 13, 2022.

There will be no extension of this date.[3]

April 11, 2022                                         *s/ Norah McCann King*
                                                                   Norah McCann King
                                                                   United States Magistrate Judge

---

[3] Of course, should either or both parties file a motion for remand on or before May 13, 2022, Plaintiff need not file the required Plaintiff's brief.